UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MRS. SYLVIA JENKINS,

        Plaintiff,

        -v-

WEGMANS CORPORATION,

        Defendant.

_____

12-CV-6511T

ORDER

Plaintiff Sylvia Jenkins has brought this civil action complaining that she was not treated with respect by the employees of a Wegmans grocery store in Syracuse, New York. She has also requested permission to proceed without payment of the fee under 28 U.S.C. § 1915.

Syracuse is located in the Northern District of New York. Plaintiff indicates on the Civil Cover Sheet that the defendant's residence is Onondaga County. She also states in the form civil complaint that the reason for venue in the Western District of New York is "due to prevent any additional conflict with this District of my first attempt in trying to submit claim with the Northern District no response." Plaintiff complains only of the behavior of employees at the store in Syracuse.

The statute that sets out the bases for venue in the Federal District Courts, 28 U.S.C. § 1391(b), provides as follows:

> **Venue in general.—** A civil action may be brought in—
>     (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>     (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or

> (3) if there is no district in which any action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The venue statute further provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

It is not at all clear that plaintiff can state a claim against Wegmans, or the individual employees of whose behavior she complains. Under 28 U.S.C. § 1915, the Court has a responsibility to determine that a complaint may be properly maintained before it may permit a plaintiff to proceed with an action *in forma pauperis*. Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). However, although dismissal of frivolous actions pursuant to 28 U.S.C. § 1915(e) is appropriate to prevent abuses of the process of the court, *Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974), as well as to discourage the waste of judicial resources, *Neitzke*, 490 U.S. at 327, the Court also has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a pro se complaint. Thus,

before *sua sponte* dismissal of a complaint that may be able to state a claim if plaintiff plausibly alleges, for example, that the treatment she experienced was motivated by an impermissible discriminatory motive, the Court is obligated to offer plaintiff an opportunity to amend her complaint. That assessment is better conducted in the Northern District because plaintiff has alleged only facts about actions of Wegmans employees who work in the Northern District.

Although Wegmans may be based in the Western District of New York, and therefore venue would also be proper in the Western District of New York, the factors to be considered in transfer of venue mitigate towards transfer to the Northern District.[1] Those factors include the convenience of witnesses, the convenience of the parties, the locus of operative facts, the availability of process to compel the attendance of unwilling witnesses, the location of relevant documents and the relative ease of access to sources of proof, the relative means of the parties, the forum's familiarity with the governing law, the weight accorded the plaintiff's choice of forum, and trial efficiency and the interest of justice, based on the totality of the circumstances. *Dealtime.com v. McNulty*, 123 F.Supp.2d 750, 755 (S.D.N.Y.2000) (collecting cases). The majority of those factors favor venue in the Northern District. The Court is particularly sensitive to the burden of requiring individuals who reside in the Northern District of New York to defend against allegations in the Western District of New York which occurred in the Northern District of New York. As plaintiff also resides in the Northern District of New York, transfer to the Northern

---

[1] The Court notes that according to the PACER Service Case Locator website, plaintiff has filed 14 actions in the Northern District of New York since 2005. Plaintiff has filed an action in the Western District of New York against the Onondaga County Sheriff's Department in 2006 which was transferred to the Northern District of New York based on improper venue.

District of New York will be a convenience to her as well, where according to plaintiff, she attempted to file the action.

Accordingly, pursuant to 28 U.S.C. § 1406(a), this action is ordered transferred to the United States District Court for the Northern District of New York. The determination of the plaintiff's motion for permission to proceed *in forma pauperis* has been left to the Northern District of New York.

IT HEREBY IS ORDERED, that this matter is transferred to the United States District Court for the Northern District of New York.

SO ORDERED.

DATED: 9/26, 2012
Buffalo, New York

JOHN T. CURTIN
United States District Judge