UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SYLVIA JENKINS,

                      Plaintiff,

            v.                                                5:12-CV-1552
                                                                  (NAM/TWD)

WEGMANS CORPORATION,

                      Defendant.
_____

APPEARANCES

SYLVIA JENKINS
Plaintiff *pro se*
250 Hier Avenue
Syracuse, NY 13203

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

Presently before the Court is a *pro se* complaint and an application to proceed *in forma pauperis* filed by Plaintiff Sylvia Jenkins. (Dkt. Nos. 1-2.) Generally, Plaintiff alleges that she was treated with disrespect at a Wegmans grocery store in Syracuse. (Dkt. No. 1.) Plaintiff originally filed her complaint in the Western District of New York. The Western District of New York transferred the case to this District in an order filed on September 27, 2012.[1] (Dkt. No. 3.) For the reasons discussed below, I recommend that the Court dismiss the complaint without leave to amend.

**I.    APPLICATION TO PROCEED *IN FORMA PAUPERIS***

A court may grant *in forma pauperis* status if a party "is unable to pay " the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1). After reviewing Plaintiff's *in forma pauperis* application (Dkt. No. 2), I find that Plaintiff meets this standard. Therefore, Plaintiff's application to

---

[1] In that order, the Western District noted that Plaintiff filed the action in the Western District because she had received no response to her "first attempt in trying to submit claim with the Northern District . . . ." (Dkt. No. 3 at 1.) The court further noted that Plaintiff has filed fourteen actions in the Northern District since 2005. *Id*. at 3 n.1.

proceed *in forma pauperis* is granted.

## II. SCREENING OF THE COMPLAINT

28 U.S.C. § 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The court has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

Here, Plaintiff alleges that she went to the Wegmans on Pond Street in Syracuse on December 23, 2011, to correct a transaction. (Dkt. No. 1 at 2.)[2] The female employee assisting Plaintiff called for a manager to help her. *Id*. at 3. Plaintiff explained to the manager why the previous transaction needed to be corrected. *Id*. After Plaintiff explained it "over and over," the manager gave her a refund. *Id*. Plaintiff alleges that "along with other additionally negative comments, actions [and] behaviors" by the manager, a number of other employees gathered around "in a strange [and] unusual manner not respecting [me] as a customer at all." *Id*. Plaintiff does not specify what sort of negative comments, actions, or behaviors occurred. Plaintiff alleges that her identification was not returned to her. *Id*. at 4.

Plaintiff claims that "as a customer, I have every right to be provided with sufficient satisfaction from a retailer of any kind." *Id*. at 3. She requests that this Court "verify that the actions, behaviors

---

[2] Citations to page numbers in the complaint refer to the page numbers assigned by the Court's electronic filing system.

[and] comments" were not "appropriate at all." *Id*.

It is not clear what federal right Plaintiff claims that Defendant violated. To the extent that Plaintiff is attempting to assert a claim under 42 U.S.C. § 1983, the complaint fails to state a claim. Section 1983 allows a plaintiff to sue a "person" who "under color of state law" deprived the plaintiff of some federally-protected right. It is the duty of the plaintiff to allege state action on the part of the defendants named in the complaint, and a court may dismiss an action under 28 U.S.C. § 1915(e) where a plaintiff fails to plead such a nexus. *See, e.g., Carollo-Gardner v. Diners Club*, 628 F. Supp. 1253, 1256-57 (E.D.N.Y. 1986) (dismissing as frivolous *pro se* complaint where plaintiff failed to allege state action on part of defendants) (citations omitted); *see also DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306, 311 (2d Cir. 1975) (affirming dismissal of complaint where plaintiff failed to include allegations of state action in complaint), *modified on other grounds* 520 F.2d 409 (2d Cir. 1975). Here, Defendant Wegmans is a private entity. Private actors can be liable under § 1983 pursuant to the "joint action" doctrine, under which "a private actor can be found to act under color of state law for § 1983 purposes if the private party is a willful participant in a joint action with the State or its agents." *Anilao v. Spota*, 774 F. Supp. 2d 457, 498 (S.D.N.Y. 2011) (citation and punctuation omitted). Plaintiff has not alleged any joint action between the State and Wegmans.

A review of the complaint shows that there is no other basis for federal court jurisdiction in this action. Therefore, I recommend that the Court dismiss the complaint without leave to amend.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and it is further

**RECOMMENDED** that the complaint (Dkt. No. 1) be dismissed without leave to amend.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: October 17, 2012
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge